Note—See under (1) 36 Cyc. pp. 588, 596, 701; (2) 36 Cyc. p. 784 (1926 Anno).

---

### DEES v. BROWN et al.

No. 11370—Opinion Filed Jan. 27, 1925.

**Indians—Conveyance of Lands—Rights of Mississippi Choctaw.**

Until a Mississippi Choctaw Indian has, in good faith, resided for three years upon land certified to him, and made proof thereof, as required by the Act of Congress approved July 1, 1902 (32 Stat. 641, c. 1362), commonly called the "Supplemental Treaty", of said continuous bona fide residence, no alienable interest is acquired by such Indian to the lands certified to him, and he cannot legally convey the same. Blackwell v. Harts, 66 Okla. 94, 167 Pac. 325.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Mary E. Dees against Eli W. Brown, Rebecca O. Brown and J. O. Chelf for possession of real estate, cancellation of deeds, and to quiet title. Judgment for defendants, and plaintiff appeals. Reversed, with directions.

Porter Newman and Sandlin & Winans, for plaintiff in error.

Wilkinson & Saye and Womack, Brown & Cund, for defendants in error.

Opinion by THREADGILL, C. The undisputed facts in the case are as follows:

Mary E. Dees, plaintiff, was a Mississippi Choctaw Indian of one-sixteenth blood, and duly enrolled by the Commissioner of the Five Civilized Tribes on January 14, 1907, On February 16, 1907, she selected the N. W. ¼ of the S. W. ¼ of section 15; N. E. ¼ of S. E. ¼; N. W. ¼ of S. E. ¼ of S. E. ¼; S. E. ¼ of S. E. ¼ of N. E. ¼ of section 16, T. 2 S., R. 7 W., Stephens county, being the land in controversy, as a part of her prospective allotment, and the certificate of selection was issued to her for the same during the month of January, 1910. Said Mary E. Dees submitted to the Commissioner of Indian Affairs proof of residence in the Choctaw and Chickasaw Nations for the three years required by law on March 4, 1910, her proof was approved,

and patent ordered issued for the lands she had selected, a part of which were the lands above described. Patent was issued to her April 19,1911. On July 27, 1908, the said allottee, with her husband, W. H. Dees, executed a warranty deed to R. A. Hefner and Oswell S. Parker, which was acknowledged July 28, 1908, describing the lands in controversy. June 1, 1911, Hefner and his wife deeded their interest in the land to Eli W. Brown, and thereafter, on September 5, 1911, Parker and his wife deeded their interest to said Eli W. Brown. Thereafter, June 8, 1918, plaintiff filed her petition in this action against Eli W. Brown for possession, cancellation of the deeds, and to quiet title. January 7, 1919, the defendant, Eli W. Brown, died, and the cause was, thereafter, revived in the name of W. N. Brown, as the administrator. After the issues were joined the cause was tried to the court, and resulted in judgment for defendant and plaintiff appealed.

The question of this case is whether or not the deed made by Mary E. Dees, the allottee, on July 27, 1908, conveying the land in controversy by warranty deed to Hefner and Parker, was a valid deed. This question is determined and settled in favor of the contention of the plaintiff in error and against the defendant in error in the cases of Criner v. Farve et al., 44 Okla. 618, 146 Pac. 10, and Blackwell v. Harts et al., 66 Okla. 94, 167 Pac. 325, and Franklin v. Lynch et al., 233 U. S. 269, 34 Sup. Ct. 505.

We, therefore, recommend that the cause be reversed with directions to the trial court to set aside the judgment theretofore rendered and enter judgment for the plaintiff in error.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 513.